**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **TERRY DURBIN,** | |
| **Plaintiff,** | **Case No. 2:11-cv-334** |
| **v.** | **JUDGE PETER C. ECONOMUS** |
| **COLUMBIA ENERGY** | |
| **GROUP PENSION PLAN,** | **OPINION AND ORDER** |
| **Defendant.** | |

This matter is before the Court upon cross-motions for judgment on the administrative record: Defendant Columbia Energy Group Pension Plan's ("the Plan" or "Plan") motion (doc. # 10) and Plaintiff Durbin's motion (doc. # 11).  The parties have filed response briefs, and the matter is ready for adjudication.

**I.    FACTUAL BACKGROUND**

The Plan is an employee pension benefit plan, which was established and maintained by NiSource pursuant to the Employee Retirement Income Security Act ("ERISA") of 1974, codified in 29 U.S.C. § 1001, *et seq.*  (Complaint, doc. # 1, ¶ 2; Answer, doc. # 3, ¶ 2.)  Durbin, as an employee of Columbia Gas (now NiSource), was a participant in the Plan.  Sometime in 1999, the Plan was amended, and eligible employees were offered a choice of benefit plans between the "Final Average Pay" benefit and the "Account Balance" benefit.  (Complaint, ¶ 6; Answer, ¶ 6.)

The Plan states as follows:

> Making Your Election
> Making your election is easy.  Between March 15 and April 30, 2000, call The Benefits Source at 1-888-640-3320 to make your Retirement Choice.  Be sure to have your Personal Identification Number (PIN) available before you call since you will need it to make your election.  You will be able to enter your Retirement

> Choice through the automated phone system.  After entering your SSN and PIN, choose Pension Information.  Next, press 1 to make your Final Pay/Account Balance Choice election.  Press 1 to switch from the current Final Average Pay to the Account Balance option or press 2 to continue under the Final Average Pay option. You will then hear a confirmation message of your election. Customer Service Associates will also be available to help you process your election if you need assistance.  If you fail to make an election, you will be defaulted to the Final Average Pay option, your current option.

(Doc. # 9 – 1, page 22.)  Sometime in 2010, Durbin sought information from NiSource about his benefits.  NiSource informed him that he was in the Account Balance plan—and had been since his election to that plan during the April 2000 election period.  (Complaint, ¶ 10 – 11.)  Insisting that he never made that election, Durbin filed a formal claim for Final Average Pay benefits, and his claim was denied by the NiSource Benefits Committee ("the Committee").  (*Id.*, ¶ 12 – 13.) In reaching that determination, the Committee reviewed the following evidence:

- Affidavit of Mr. Durbin, dated July 26, 2010, including two exhibits (employee benefit description and letter from Durbin to Human Resources requesting signed election forms)

- Affidavit of Mr. Ezzo, fellow employee of Durbin

- Affidavit of Mr. Lannoy, fellow employee of Durbin

- Electronic database records regarding Durbin's benefit election

- Individual annual account statements for Durbin from 2003 – 2009 under the Account Balance option

- Account Balance option beneficiary designation forms signed by Durbin

(Doc. # 9 – 1, pages 6 – 7.)  The Committee also considered letters from Durbin's legal counsel, as well as letters from a NiSource benefits director and his investigative report.  (*Id.*)  In denying Durbin's claim, the Committee relied on the electronic database created when Durbin made his

2

election, as evidenced by a screenshot showing Durbin's name and election.  It also relied on the

confirmation statement mailed to Durbin (as indicated on the screenshot), the annual benefit

statements sent to Durbin from 2003 through 2009, and his Account Balance beneficiary

designations in the years 2000, 2003, and 2006.  (*Id.*, pages 46 – 47.)

In its denial of Durbin's later appeal, the Committee reiterated its reliance on the above-

mentioned evidence, as well as its consideration of Durbin's assertions that he did not make the

Account Benefit election and that he did not understand references to "Account Balance Option"

over the years as he received account statements.  Further, the Committee considered Durbin's

statement that he had filled out a paper "ballot" indicating his decision to remain in the Final

Average Pay benefit.  The Committee summarized its decision as follows:

> The sum total of these considerations by the Committee—
> including the fact that the records available for Mr. Durbin were
> similar to the records available for similarly situated employees,
> the fact that those records reflect the election of the [Account
> Balance benefit] as well as transmission of a confirmation
> statement, and the degree of subsequent communications reflecting
> the [Account Balance benefit]—lead the Committee to conclude
> that Mr. Durbin did elect the [Account Balance benefit] during the
> 2000 Choice Period.  To allow him to reverse that election with the
> benefit of more than ten years of hindsight would be to treat him
> differently than any other employee, and would be inconsistent
> with the Plan's express provisions.  Accordingly, for these reasons,
> the Committee denies Mr. Durbin's appeal.

(*Id.*, page 4.)  Having exhausted his administrative remedies, Durbin filed the instant action in

which he seeks a determination that he is entitled to benefits under the Final Average Pay benefit

provisions of the Plan.  (*Id.*, ¶ 16.)

## II.    STANDARD OF REVIEW

The court reviews a plan administrator's denial of benefits *de novo*, unless the benefit

plan specifically gives the plan administrator discretionary authority to determine eligibility for

benefits or to construe the terms of the plan.  *Morrison v. Marsh & McLennan Companies, Inc.*,

439 F.3d 295, 300 (6th Cir. 2006).  Where an ERISA plan gives a plan administrator such

discretion, this Court reviews the determinations under the "arbitrary and capricious" standard.

*Id.* at 300 (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)).  The

arbitrary and capricious standard is "the least demanding form of judicial review."  *Morrison*,

439 F.3d at 300.  Though deferential, the arbitrary and capricious standard "is not a rubber stamp

for the administrator's determination."  *Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 617 (6th Cir.

2006).  Under this standard, the Court will uphold the administrator's decision "if it is the result

of a deliberate, principled reasoning process and if it is supported by substantial evidence," even

if the Court disagrees with the result reached by the administrator.  *Glenn v. Metro. Life Ins. Co.*,

461 F.3d 660, 665 – 66 (6th Cir. 2006) (citing *Baker v. United Mine Workers of Am. Health &

Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991)).  *See also Moon v. Unum Provident Corp.*, 405

F.3d 373, 379 (6th Cir. 2005) (noting that even if a court would come to a different conclusion as

the plan administrator, as long as there is a reasonable basis for the decision, it must be upheld).

   In ERISA cases, a court's review of a plan decision is generally limited to the evidence

presented to the administrator and in the administrative record at the time of the administrator's

decision.  *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991).  The

administrative record relied upon by the Committee is in evidence (doc. # 9) and there is no

dispute regarding any of the evidence within it.[1]

---

[1] Plaintiff quibbles with the Committee's reliance on "unsworn" statements of a NiSource human
resources employee.  (Plaintiff's Motion, page 11.)  In doing so, however, Plaintiff points to no case law
or rule that would prohibit the Committee from considering those statements.

In this case, there is no dispute that the Committee, as Plan administrator, has discretion to determine the terms of the Plan.[2]  (Plaintiff's Motion, page 8; Defendant's Motion, page 13.) This Court finds that the Plan contains a clear and express grant of discretionary authority to the Committee.  Therefore, the scope of review is limited to whether the Committee's interpretation of the Plan was arbitrary and capricious.

## III.  ANALYSIS

Under the highly deferential arbitrary and capricious standard, the Committee's interpretation of the Plan's provisions must be upheld if it is "reasonable."  *Morrison v. Marsh & McLennan Companies, Inc.*, 439 F.3d 295, 300 (6th Cir. 2006).  The Committee denied Durbin's claim because the evidence that he had elected the Account Balance benefit option outweighed any evidence to the contrary.  In fact, the only evidence Durbin offers is his statement that he had not made such an election.  The other evidence he presented—in the form of affidavit statements of fellow employees—is not pertinent.  In those affidavits, Durbin's fellow employees aver that they filled out a paper ballot indicating their choice of benefit, something that Durbin asserts he did, as well.  However, the Plan sets forth specifically the only way in which an election could be made—by an automated telephonic system.  If an employee failed to avail himself of this option, he would remain in the Final Average Pay benefit by default.  The existence of a paper ballot is not relevant.

---

[2] Although Plaintiff agrees that the Plan's language grants to the Committee "sufficient discretion," he argues that the standard of review is "largely irrelevant" for two reasons.  First, a "default rule" permitted an employee to do nothing to remain in the Final Average Pay plan, and to prove that he had stayed in the Final Average Pay benefit Durbin must prove that he did nothing, which he finds to be "unfair."  Second, because the Committee is the sole custodian of all of the relevant evidence, any forms that cannot be found are not Durbin's fault.  (Motion, pages 8 – 10.)  Neither of these reasons relate to the standard of review.

The evidence shows that Durbin called into the automated system and elected the Account Balance option.  All of the subsequent documentation confirms this choice, such as the beneficiary designation and the account statements.

Durbin offers multiple theories regarding how the screenshot showing his Account Balance election could be erroneous, as well as how the years' worth of account statements could be misread.  Unfortunately, he offers no case law to support his implicit argument that the Committee acted unreasonably when it failed to value speculative theories over hard evidence.

Finally, Durbin argues that the Committee acted under a conflict of interest when it considered his claim and that this conflict of interest should factor into the Court's analysis of whether the denial of his claim was arbitrary and capricious.  (Plaintiff's Motion, page 11.)  In the context of ERISA claims, a potential conflict of interest exists where the plan sponsor bears all or most of the risk of paying claims and also appoints the body designated as the final arbiter of such claims.  *Univ. Hosp. of Cleveland v. Emerson Elec. Co.* 202 F.3d 839, 847 n.4 (6th Cir. 2000).  In such circumstances, "the potential for self-interested decision-making is evident." *Id.* In support of this alleged conflict, Durbin points to the fact that "NiSource funds all of the Plan's benefits and a Committee appointed by its Chief Executive Officer decides all claims for benefits."  (Plaintiff's Motion, page 11, internal citations omitted.)  Durbin offers only more speculation about the paper ballot to support his conflict-of-interest allegation.

Durbin's claim itself undercuts any potential conflict of interest.  The Committee was not tasked to flatly approve or deny a claim for benefits; rather, it undertook to determine *which* benefit applied.  Durbin offers no evidence—or even speculation—that there existed a financial benefit to the Committee if it determined that Durbin was enrolled in the Account Balance benefit, not the Final Average Pay benefit.  Further, even if Durbin had succeeded in establishing

a conflict of interest, it would be but "one factor" to consider when evaluating the Committee's determination that Durbin had elected the Account Balance benefit option.  *Schwan v. Guardian Life Ins. Co. of America*, 626 F.3d 299, 311 (6th Cir. 2010).  If the decision was nevertheless supported by substantial evidence—as it was here—it will be upheld.  *Id.* at 311.

In sum, this Court finds that the Committee's determination was reasonable when it concluded that Durbin elected the Account Balance benefit.  Additionally, there is no evidence that the Committee was operating under a conflict of interest.  Therefore, the decision of the Committee should be upheld.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Columbia Energy Group Pension Plan's Motion for Judgment on the Administrative Record (doc. # 10) is **GRANTED**, and Plaintiff Terry Durbin's Motion for Judgment on the Administrative Record (doc. # 11) is **DENIED.**  The Clerk of Courts is hereby ordered to enter judgment in favor of Defendant Columbia Energy Group Pension Plan as to all claims, with prejudice.

 **IT IS SO ORDERED.**

**/s/ Peter C. Economus _____**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**
